Gaston,
 

 J. This case was heretofore brought before us on an appeal from an interlocutory decree, dissolving the injunction which the plaintiffs had obtained on the filing of the bill; and a report of it and our decision therein, will be found in 2d Dev. & Bat. Eq. Reps. 209.
 

 The plaintiffs, after the dissolution of the injunction, had leave to amend their bill; and accordingly, on the 18th of October, 1839, they filed an amended bill, wherein and whereby they set forth, in addition to the matters contained in their original bill, that the will of Anderson E. Foster was executed on the 18th of December, 1834, and that at-the time of executing said will, the said Anderson had no right to the tract of land, which Robert Foster had purchased
 
 *536
 
 from the defendants, as executors of the said Anderson Foster> andto secure the payment whereof the plaintiffs had executed the bond, whereupon the defendants obtained the as ge). forth in the original bill; and that on this account they are advised,.that the defendants had no authority whatever to sell the said land, but that the same descended to the heirs at law of the said Anderson. The plaintiff Robert particularly alleges, that, at the time oí executing his said bond, he was himself the legal and equitable owner of the one-fourth part thereof, and they both aver, that' at that time they were utterly ignorant of the fact, that the ex--ecution of the will was prior to the testator’s-purchase oí the land ; they state that Elizabeth Nesbit is owner of one other fourth part, that the children of Samuel Foster deceased own another fourth, and that the defendants, Robert N. and Barton Craige, with two others, own the residuary fourth. The plaintiffs insist, that, in as much as the contract for the sale of the land was made under an entire misapprehension on both sides of an- authority in the defendants to sell, the said sale ought to be declared null, and the plaintiffs relieved from the payment of the bond given for the price of the land. The defendants, in their answer to the amended bill, admit the fact that their testator had not title to the land by them sold at the date of the will, but nevertheless insist, that the executors, the defendants, had a valid power under the will to sell it. They further state, that Anderson Foster purchased the land from John Foster;, that, at the sale by the executors, Richmond Foster bid off the land"; that Richmond and John entered into possession and made a crop, but in the June of that year, Richmond-transferred his bid to the complainant Robert, who entered into the bond for the purchase money with the complainant John as his surety. They deny that the plaintiffs were ignorant that the will was made before the testator bought the land, but declare that this matter was talked of in the presence of the plaintiff Robert, at the time of the sale, and when the deed was executed to him. They state, that they refused to make a deed with general warranty, but were fb
 
 *537
 
 «ally prevailed upon to execute-a deed with the special con enant as stated in the original bill, to warrant the same “ against the claim of them and their heirs, and all persons whatever, so far as they are authorized by the will of the said Anderson Foster, and no further,” and aver that it was thereby intended not to bind themselves personally or in their private capacity. They insist,- that, as the plaintiff Robert has entered into- the possession of the land, and has occupied it without molestation, he should be regarded as having bought at his own risk, and is not entitled to be relieved from- the consequences of a contract entered into with his eyes open. They admit, that, if the land was not authorized to be sold, it descended1 as is set forth in the bill. The plaintiffs put in a general replication to the answer, and an order was made for commissioners to take testimony, and finally the cause was set- down- for hearing on the pleadings and proofs, and transmitted to this court. There are no proofs except by exhibits, and these establish no more than what is substantially agreed by the pleadings. The facts of the case,- so far as they areAagreed or made to appear by the exhibits, are, that, on the 8th of December, 1834, Anderson E. Foster duly executed his last will, and thereby, after certain other devises and bequests, devised and bequeathed as follows : “ the balance of my property to- be applied to the payment of my just debts ; should there be a surplus, it is my will and' desire that it' be equally divided among the heirs of my deceased brother, Samuel Foster,- and the heirs of David Craige.” On the3lstof August,- 1835, the testator bought from John Foster the tract of land mentioned in the pleadings, and at the May Term 1836 of the County Court of Rowan, where the testator in his life-time usually resided, Burton Craige and Robert N. Craige, the executors therein named, caused the said will to be duly proved. On the 14th of February, 183ÍT, the executors, claiming to have a power to sell this tract under the said will, exposed it to public sale, when it was either bid off by Robert- Foster, or by Richmond Foster, who afterwards transferred his bid to (he said Robert, at the price of $2315, payable twelve months
 
 *538
 
 after date. A bond was thereupon executed by the said Robert, with Jehu Foster as his surety, payable to the said defendants as aioresaid, and they executed unto the said j£0ber(. a ¿¡eed 0f bargain and sale for the land with the special covenant herein before stated, the bond and deed both dated of the day of the sale. There is no evidence that the purchaser, when he bought or gave his bond, was aware of the fact that the will of the testator was executed before he became the owner of the land. The heirs at law of the testator are the plaintiff Robert, a brother, Elizabeth Nesbitt, a sister, the children of Samuel Foster, a deceased brother, and the children of David Craige, who are four in number, including the defendants, and who altogether inherit a fourth part of whatever land was not disposed of
 
 by
 
 the will.
 

 It is perfectly clear, that the clause, under which the defendants undertook to sell this land, did not in law apply thereto. A man cannot by will prospectively devise or charge lands thereafter to be acquired. No title, therefore, passed by the deed of the defendants, unless it
 
 may be
 
 for their two-sixteenths of the land, nor is it in their power to make a title, nor have they tendered any conveyance from those who can make title. It is difficult to say what is the meaning of the singular covenant annexed to their deed,but it certainly cannot procure for the plaintiff any indemnity, because of this defect in the title conveyed, it is certain that the purchase was made, and we have no doubt the sale also, upon the clear belief that the executors had a power to sell. There is therefore a radical mistake in the subject matter of the contract. Whether the plaintiff Robert could have been relieved, if it had been shewn that he knew the facts ns they really were, and yet bought, relying upon his knowledge of the law, we need not enquire, for this is not shown. We regard the mistake as a mistake of fact. It is against conscience that he should be compelled to pay for what he has not obtained, and the defendants permitted to receive and hold the price of what they have not conveyed. They did not pretend to sell as owners, but under a power. They
 
 *539
 
 had no power under the will to sell this land, and are under no obligation by the will to account to any person for. the proceeds of the land. '
 

 We hold it therefore to be a plain case for relief. But it does not appear, upon the transcript sent up, whether .the judgment has been collected or not, or, if so, in whose hands the moneys collected now are. The defendants also are entitled to receive one-eighth part of the profits or reasonable rent for the loan since the possession was taken. We shall, therefore, for the present, make a declaration that the plaintiff Robert is entitled to have his contract of purchase set aside, direct the necessary inquires to be made,, and reserve the case for a final decree, when the result of these enquiries shall be laid before us.
 

 Per Curiam. -Ordered accordingly.